IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER GEORGE KNOX                                                        PLAINTIFF

     v.                              Civil No. 15-5205

WAL-MART STORES, INC.; and
JOHN OR JANE DOE LOSS
PREVENTION OFFICERS (Store located
at 2875 W. Martin Luther King Blvd.,
Fayetteville, AR)                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which the Plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2).

### 1. Background

According to the allegations of the Complaint (Doc. 1), Plaintiff suffers from post traumatic distress disorder (PTSD) and panic disorder with agoraphobia. On November 5, 2014, Plaintiff was shopping at a Wal-Mart Store when he noticed an unknown and unidentifiable person, later learned to be a loss prevention officer, stalking him. When Plaintiff was near the check out counters, Plaintiff alleges this unknown person approached him aggressively. Plaintiff

AO72A
(Rev. 8/82)

alleges that, in a moment of insanity, he panicked and fled pushing the shopping cart out the door with him.

Plaintiff was later arrested and charged with, among other things, theft of property in excess of $1,000 but less than $5,000. He pled guilty to the charge and was sentenced to a period of incarceration of 36 months. Plaintiff is currently incarcerated at the Grimes Unit of the Arkansas Department of Correction.

Plaintiff used a form complaint for filing actions under 42 U.S.C. § 1983 in filing the complaint. He alleges he was deprived of his liberty and due process rights. He also alleges that the aggressive actions of the loss prevention officer violated the provisions of the Americans with Disabilities Act (ADA). Finally, he alleges he was subjected to the intentional infliction of emotional distress in violation of state law.

## 2. Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'"

Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

**(A).  Section 1983**

The § 1983 claim fails as a matter of law.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution.  West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

While a store may be considered a state actor under certain circumstances, see e.g., Murray v. Wal-Mart, Inc., 874 F.2d 555, 558-89 (8th Cir. 1989), Wal-Mart was not a state actor under the facts alleged here, see e.g., Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001).  The loss prevention officer is not alleged to have been a police officer.  Plaintiff was not detained at the store.  The police were summoned in response to a call of a shoplifting in progress. Plaintiff fled before the police could respond to the store.

After the police attempted to initiate a traffic stop of the Plaintiff's vehicle, he fled first by vehicle; eventually abandoning his car and fleeing on foot.  A search of Plaintiff's vehicle revealed in excess of $1,000 in goods that he had not paid for.  Plaintiff was charged with theft of property, fleeing on foot, failure to yield to an emergency vehicle, speeding, left of center, no proof of insurance, driving on a suspended license, and not having a driver's license in his possession.

AO72A
(Rev. 8/82)

The mere invocation of a state legal procedure does not constitute state action. Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n.21 (1982). If it did, any person or entity that reported a theft of property would be a state actor. This is simply not the law.

### (B). ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Stores are considered places of public accommodations. 42 U.S.C. § 12181(7).

For purposes of this motion, we will assume that Plaintiff had a disability within the meaning of the ADA. Land v. Baptist Med. Ctr., 164 F.3d 423, 424 (8th Cir. 1999); 42 U.S.C. §§ 12102(2)(A-C). Plaintiff does not contend the store, in general, or any aspect of the store in particular, was in anyway inaccessible to him. Instead, his objection is to the use of loss prevention officers who are not clearly identified as store employees. There is no allegation that anything having to do with the facility constituted a barrier to the Plaintiff or that he was discriminated against in connection with the provision of services.

### (C). Intentional Infliction of Emotional Distress

There is no basis of federal court jurisdiction over this state law claim. Federal courts are courts of limited jurisdiction. See e.g., Godfrey v. Pulitzer Publishing Co., 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. See e.g., Southwestern Bell Telephone Co. v. Connect

AO72A (Rev. 8/82)

Communications Corp., 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)(quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) (alteration in original)).

Having found no cause of action exists under § 1983 and the ADA, the only possible basis for jurisdiction is diversity of citizenship. Diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. Advance Am. Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1172 (8th Cir. 2008). In this case, both the Plaintiff and Wal-Mart Stores, Inc., are citizens of the State of Arkansas. Diversity of citizenship does not exist.

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed as the claims stated are frivolous and/or the Court does not have jurisdiction over the claims.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of October 2015.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)