IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER GEORGE KNOX                                          PLAINTIFF

V.                              CASE NO. 5:15-CV-05205

WAL-MART STORES, INC. and
JOHN OR JANE DOE LOSS
PREVENTION OFFICERS (Store
located at 2875 W. Martin Luther
King Blvd., Fayetteville, AR)                                    DEFENDANTS

OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 6) of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, filed on October 1, 2015, regarding Plaintiff Christopher George Knox's action under the provisions of 42 U.S.C. § 1983. Also before the Court are Knox's timely-filed Objections to the R & R (Doc. 7). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* as to all specified proposed findings and recommendations to which Knox has raised objections, and determined that the Objections offer neither law nor fact sufficient to justify deviating from the findings and conclusions announced in the R & R. Accordingly, the R & R is **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Below the Court will address Knox's Objections, beginning with a brief overview of the facts alleged in the case.

Knox's Complaint alleges that he was followed while shopping at a Wal-Mart and aggressively approached by an unknown person who was later discovered to be a loss prevention officer. (Doc. 1, p. 6). Knox states that he fled from the store without paying for the merchandise in his cart "in a moment of insanity" because he suffers from "PTSD and Panic Disorder with Agoraphobia." *Id.* Wal-Mart called the police to report a

1

shoplifting in progress. *Id.* at p. 7. Knox was later arrested during a traffic stop and charged with theft of property in excess of $1,000 but less than $5,000, among other things. (Doc. 6, p. 2). The R & R deems frivolous Knox's instant lawsuit against Wal-Mart's loss prevention officers and recommends pre-service dismissal of the case.

Knox's first objection to the R & R challenges the finding that Wal-Mart was not a state actor under the facts asserted. (Doc. 7, p. 2). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant acted under color of state law and violated one of the plaintiff's rights secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Specifically, Knox contends that "Wal-Mart's loss prevention personnel were acting under color of law, using the Shoplifting Presumption, and prosecuting the plaintiff with the help of the police, prosecuting attorney and public defender." (Doc. 7, p. 2). The thrust of Knox's objection is that Defendants wrongfully believed him to be shoplifting, which formed the basis for Defendants' contact with the police. However, as the R & R correctly notes, merely invoking a state legal procedure does not constitute state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982). In this instance, Defendants did not become state actors simply by calling the police when they suspected a patron was shoplifting. Therefore, Knox's first objection is overruled.

Knox's first objection also includes a statement concerning his desire "to add his public defender to this suit . . . ." (Doc. 7, pp. 2-3). However, public defenders do not "act under color of state law when performing a lawyer's traditional functions of counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325

2

(1981). It would be futile to allow Knox leave to amend his Complaint to add his public defender as a defendant. This request for leave to amend is therefore overruled.

Knox's second objection argues that Defendants discriminated against him on the basis of disability by "profiling" him. (Doc. 7, p. 3). He argues that the Defendants continue to discriminate against him "in concert with the Arkansas Post Prison Transfer Board" by "denying him access to their store" after his release as a condition of his parole. *Id.* Knox further argues that this sort of behavior violates the American with Disabilities Act ("ADA").

In considering Knox's second objection, the Court notes that the Magistrate Judge assumed in the R & R that Knox was disabled within the meaning of the ADA. *See* Doc. 6, p. 4. According to that statute, "[n]o individual shall be discriminated against *on the basis of disability* in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). Clearly, even if it were true that Knox was being denied access to Wal-Mart's stores due to his conviction and as a condition of his parole, this act would not constitute discrimination on the basis of disability. Therefore, Plaintiff's second objection is overruled.

Plaintiff's third objection essentially argues in favor of the Court exercising pendent jurisdiction over his state-law claim of intentional infliction of emotional distress. The Magistrate Judge correctly observed that it is within the Court's discretion to decline jurisdiction over a pendent state law claim if the Court "has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). However, the Court finds

3

that Knox's purported state-law claim for intentional infliction of emotional distress is implausible and patently frivolous. For this reason, the claim will be dismissed with prejudice.

In light of the above reasoning, **IT IS ORDERED** that the R & R (Doc. 6) is **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Accordingly, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED** on this 24th day of February, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE